Matter of the Application of the RAMAPO MOUNTAINS WATER POWER AND SERVICE COMPANY, INC., to Acquire Lands in the Town of Ramapo, Rockland County, New York, Plaintiff, *v.* JULIA F. SEIDLER, MONTGOMERY HARE, et al., Defendants.

(Supreme Court, Rockland Special Term, January, 1918.)

Condemnation proceedings — lands acquired by commissioners of Palisades Interstate Park by purchase cannot be thereafter acquired by — rights of petitioner — dismissal of proceeding.

Lands acquired by the commissioners of the Palisades Interstate Park by purchase or otherwise cannot thereafter be acquired in a condemnation proceeding instituted by a water power and service company.

With respect to such of the lands described in the petition and sought to be acquired by said company as were not acquired by said commissioners the petitioner has a prior right over them by virtue of the present proceeding commenced ten months prior to that of said commissioners.

Where it clearly appears that the bulk or greater part of the land and sources of water supply upon which the water power and service company relies for the execution of its plans were purchased by the commissioners of the Palisades Park before the commencement of the present proceeding and such right of purchase has been confirmed by a decision of the Appellate Division, the present proceeding will be dismissed.

PROCEEDING to acquire certain lands in the town of Ramapo, Rockland county, N. Y.

John M. Digney, for petitioner and plaintiff.

George A. Blauvelt, for defendant Commissioners of the Palisades Interstate Park.

Harvey De Baun, for defendants John M. Gillette and Bessie F. Gillette.

Mortimer B. Patterson, for defendant Ramapo Manufacturing Company.

Montgomery Hare, in person and for Julia F. Seidler and Constance Hare.

Jacob Landy, for defendant Edward F. Donovan.

Tompkins, J. In *Ramapo Mountains Water Power & Service Company, Inc.,* v. *Commissioners of the Palisades Interstate Park,* 177 App. Div. 700, the Appellate Division of this department decided that the filing by the plaintiff of its maps and plans and its application to the conservation commission gave it no priority of right over the commissioners of the Palisades Interstate Park, to the acquisition of the lands shown and described upon its said maps and plans. It seems to me necessarily to follow therefrom that the lands involved in this proceeding which were acquired by the commissioners of the Palisades Interstate Park prior to the commencement of this condemnation proceeding, cannot now be acquired by the plaintiff by condemnation. The judgment of the Appellate Division in the case just cited and its reversal of the temporary injunction against the commissioners of the Palisades Interstate Park gave said commissioners the right to acquire by purchase or otherwise the premises described in the petition, or any part thereof, at any time prior to the commencement of this proceeding, and that the plaintiff cannot maintain this proceeding with respect to such premises as were purchased by said commissioners.

It is also my opinion that with respect to the lands described in the petition and now sought to be acquired by the plaintiff that were not acquired by the commissioners of the Palisades Interstate Park, the plaintiff

has a prior right over the said commissioners of the Palisades Interstate Park, by virtue of this proceeding which was commenced about ten months prior to the commencement of the proceeding by the commissioners of the Palisades Interstate Park to acquire these same and other lands; but I think that the plaintiff's petition must be dismissed, and judgment be given the defendants for the reason that it is quite apparent to the court that the plaintiff's water works plan and scheme, as shown by its maps and plans, and its petition to the conservation commission, and as authorized to be constructed and operated by the conservation commission, cannot be successfully consummated because about three-fourths of the lands shown upon and described in said plans, maps and other papers declared by the plaintiff to be necessary for the carrying out of its plans, have already been purchased by the commissioners of the Palisades Interstate Park, and are not available to the plaintiff. The lands upon which the greater part, if not all, of its three proposed reservoirs were to be constructed are included in the lands that have been acquired by the commissioners of the Palisades Interstate Park, and many other parcels embracing altogether about 900 acres of the 1,200 sought to be acquired by the plaintiff, and described upon its plans and maps, are now the property of the commissioners of the Palisades Interstate Park and held by said commissioners for the use of the state, and, for the reason already stated in my opinion, cannot now be acquired by the plaintiff.

The result of it all is that the bulk or greater part of the lands and sources of water supply upon which the plaintiff relied for the execution of its plans were taken from it before the commencement of this proceeding, by the commissioners of the Palisades Interstate Park, by purchases, which the Appellate Division

of this court has decided said commissioners had a right to make.

It seems to me that it will be necessary for the plaintiff to revise its plans, or make entirely new ones, and make a new application to the conservation commission, because it does not satisfactorily appear that its present plan and design can be accomplished by the acquisition of the lands which in this proceeding it is entitled to condemn; and I think that the right of eminent domain cannot be exercised in favor of a plan or scheme to serve the public which is not feasible or practical. For this reason alone, I decide that the plaintiff is not entitled to maintain this proceeding with respect to the lands that had not been acquired by the commissioners of the Palisades Interstate Park prior to the commencement of this proceeding, and that this proceeding must be dismissed with respect to the lands previously acquired by said commissioners for the reason already stated. Upon all other objections urged by the defendants to the plaintiff's proceeding, I find in the plaintiff's favor.

Judgment accordingly.